ON PETITION FOR PANEL REHEARING AND REHEARING EN BANC
PER CURIAM.
ORDER
A combined petition for panel rehearing and rehearing en banc was filed by plaintiff-appellant Bristol-Meyers Squibb Company, and a response thereto was invited by the court and filed by defendant-appellee Teva Pharmaceuticals USA, Inc. The petition for rehearing and response were referred to the panel that heard the appeal, and thereafter, the petition for rehearing en banc and response were referred to the circuit judges who are authorized to request a poll of whether to rehear the appeal en banc. A poll was requested, taken, and failed.
Upon consideration thereof,
It Is ORDERED That:
(1) The petition for panel rehearing is denied.
(2) The petition for rehearing en banc is denied.
(3) The mandate of the court will issue on October 27, 2014.
DYK, Circuit Judge, with whom WALLACH, Circuit Judge, joins, concurs in the denial of the petition for rehearing en banc.
O’MALLEY, Circuit Judge, concurs in the denial of the petition for rehearing en banc.
NEWMAN, Circuit Judge, with whom LOURIE and REYNA, Circuit Judges, join, dissents from the denial of the petition for rehearing en banc.
TARANTO, Circuit Judge, with whom LOURIE and REYNA, Circuit Judges, join, dissents from the denial of the petition for rehearing en banc.
DYK, Circuit Judge, with whom WALLACH, Circuit Judge, joins, concurring in the denial of the petition for rehearing en banc.
This case presents a question of obviousness, in particular whether evidence post *1341 dating the invention can be used to establish unexpected results. The panel holds that it cannot be considered in the circumstances of this case. That position is correct. It is mandated by the statute, which provides that an invention is not patentable if it “would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains.” 35 U.S.C. § 103 (emphasis added).
The patent applicant’s discovery of unexpected results at the time of the invention can help to establish that the invention would not have been obvious to another skilled person. But hindsight bias must be avoided in determining obviousness. And under longstanding Supreme Court authority, the pertinent knowledge is that possessed at the time of the invention. See KSR Int’l Co. v. Teleflex Inc., 550 U.S. 398, 416, 127 S.Ct. 1727, 167 L.Ed.2d 705 (2007) (focusing on “[w]hen Adams designed his battery” and noting that “[tjhe fact that the elements worked together in an unexpected and fruitful manner supported the conclusion that Adams’ design was not obvious to those skilled in the art.”) (citing United States v. Adams, 383 U.S. 39, 86 S.Ct. 708, 15 L.Ed.2d 572 (1966)); Ball & Socket Fastener Co. v. Kraetzer, 150 U.S. 111, 116-17, 14 S.Ct. 48, 37 L.Ed. 1019 (1893) (discounting an advantage of a patented invention that “was not originally within the contemplation of the pat-entee, but is an afterthought”); see also Genetics Inst., LLC v. Novartis Vaccines and Diagnostics, Inc., 655 F.3d 1291, 1315 (Fed.Cir.2011) (Dyk, J., dissenting). This decision properly does not allow consideration of post-invention evidence in the circumstances of this case. There is no basis for rehearing en banc.